UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ERIKA SANDOVAL, as next friend of J.C.C., JR., a minor; and SILVIA RODRIGUEZ, as next friend of R.O., A.O., L.O., and J.O., minors, <br><br> Plaintiffs, <br><br> VS. <br><br> UNITED STATES OF AMERICA; and BENITO MALDONADO, <br><br> Defendants. | § § § § § § § § § § § § § § CIVIL ACTION NO. 7:21-cv-00291 |

## **OPINION AND ORDER**

The Court now considers "Defendants' Motion to Dismiss Defendant Benito Maldonado Pursuant to Federal Rule of Civil Procedure 12(b)(1) and Answer to Plaintiff's Complaint."[1] Plaintiffs have not filed a response and the time for doing so has passed, rendering Defendants' motion unopposed by operation of this Court's Local Rule.[2] After considering the motion, record, and relevant authorities, the Court **GRANTS** Defendants' motion.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a traffic crash case. On or about November 22, 2019, Plaintiff minor children were seated in a school bus that was stopped while other children were embarking.[3] "A United States Customs and Border Protection employee, [Defendant] Benito Maldonado" was traveling in the direction that the school bus was facing but allegedly "failed to control his speed and collided with

---

[1] Dkt. No. 9.
[2] LR7.4 ("Failure to [timely] respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 1 at 3, ¶ 11.

the back of the school bus in which minor Plaintiffs were riding."[4] On August 2, 2021, Plaintiffs commenced this action under the Federal Tort Claims Act.[5]

On August 3, 2021, Plaintiffs served Defendants by mailing process via certified mail.[6] Within the sixty days allowed by Federal Rule of Civil Procedure 12(a)(2)–(3), Defendants moved to dismiss Defendant Maldonado from this suit pursuant to Rule 12(b)(1).[7] Meanwhile, the Court issued a scheduling order recognizing that this case has tentatively settled.[8]

In the absence of any response, Defendants' motion is ripe for consideration. The Court turns to its analysis.

## II. DISCUSSION

### a. Jurisdiction

This Court has exclusive jurisdiction under 28 U.S.C. §§ 1331 and 1346(b)(1). Venue is properly vested in this Court under 28 U.S.C. § 1402(b) because Plaintiffs reside in Hidalgo County, Texas,[9] and the traffic crash occurred in Hidalgo County.[10] This case is ripe because more than six months have elapsed since Plaintiffs presented their claims to the United States Customs and Border Protection agency in April 2020.[11]

### b. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) permits motions to dismiss for "lack of subject-matter jurisdiction." It is a "well-settled principle that litigants can never consent to federal subject

---

[4] *Id.*
[5] *Id.* ¶ 10.
[6] Dkt. No. 8.
[7] Dkt. No. 9.
[8] Dkt. No. 12.
[9] Dkt. No. 1-1.
[10] Dkt. No. 1 at 3, ¶ 11.
[11] *Compare* Dkt. No. 1 at 3, ¶ 9, *with Free v. United States*, 885 F.2d 840, 842 (11th Cir. 1989) (citing *Adams v. United States*, 615 F.2d 284 (5th Cir. 1980) and 28 U.S.C. § 2675) ("In order to maintain a lawsuit against the United States under the Federal Tort Claims Act, a plaintiff must present notice of his or her claim to the appropriate federal agency.").

matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[12] "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim,"[13] because federal courts only have jurisdiction to decide controversies as conferred by the United States Constitution or by statute.[14] While the Court has jurisdiction to determine its jurisdiction,[15] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[16] If any party attacks the Court's jurisdiction, "the party asserting jurisdiction bears the burden of proof on a 12(b)(1) motion to dismiss."[17] In assessing the Court's jurisdiction, "the district court is to accept as true the allegations and facts set forth in the complaint,"[18] and may "dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[19] Accordingly, the Court may consider evidence outside the pleadings to determine subject matter jurisdiction.[20] Ultimately, "[a] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[21]

   c. **Analysis**

---

[12] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).
[13] *In re FEMA Trailer*, 668 F.3d at 286 (quoting *Home Builders Ass'n v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998)).
[14] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[15] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").
[16] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).
[17] *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).
[18] *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012).
[19] *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).
[20] *Williams v. Wynne*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[21] *Choice Inc. of Tex.*, 691 F.3d at 714 (quoting *Ramming*, 281 F.3d at 161).

Defendant United States argues that Defendant Maldonado must be dismissed from this suit because he was "acting within the course and scope of his employment as a United States Border Patrol Agent" at the time of the crash, which the United States has consistently acknowledged throughout the administrative claim process and in its answer in this case.[22] In its answer, the United States admits paragraphs four and five of Plaintiffs' complaint and that Defendant Maldonado "was acting in the scope of his employment at the time of the events forming the basis for the suit" as an agent for a federal agency.[23] Because the United States' answer constitutes a binding judicial admission[24] that Defendant Maldonado was acting within the course and scope of his employment at the time of the crash giving rise to Plaintiffs' claims, that fact is established beyond controversy in this case.

Although Plaintiffs allege the *alternative* claim that, if Defendant Maldonado was not acting within the course and scope of his employment, "then he is independently liable to the Plaintiffs for their injuries,"[25] and a Rule 12(b)(1) motion is ordinarily not the proper vehicle to challenge Plaintiffs' alternative claim,[26] it is beyond dispute here that Defendant Maldonado was acting within the scope of his official duties. Therefore, the Court agrees with Defendant United States that no claims may be brought against him in this action.[27] "The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees *absolute immunity* from common-law tort claims arising out of acts they undertake in the course of their official duties."[28]

---

[22] Dkt. No. 9 at 3, ¶ 7.
[23] *Id.* at 4, ¶ 1.
[24] *Transam. Life Ins. Co. v. Leclere*, 260 F. Supp. 3d 647, 650–51 nn.5–8 (M.D. La. 2017) (collecting cases).
[25] Dkt. No. 1 at 5, ¶ 22.
[26] *See Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004).
[27] *See* Dkt. No. 9 at 3, ¶ 5.
[28] *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (emphasis added)(citing 28 U.S.C. § 2679(b)(1)); *accord Currie v. Guthrie*, 749 F.2d 185, 187 (5th Cir. 1984) (per curiam) ("Federal courts have long recognized the rule that federal

### III. HOLDING

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Defendant Benito Maldonado.[29] Defendant Maldonado, and all of Plaintiffs' claims against him, are **DISMISSED WITH PREJUDICE** from this case. Only the United States of America remains as a Defendant in this action.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 27th day of October 2021.

*M. Alvarez*

Micaela Alvarez
United States District Judge

---

employees are immune from common law tort liability arising from acts within the scope of government employment.").
[29] Dkt. No. 9.